RIVAS *v.* THE EXECUTIVE COUNCIL ET AL.

APPEAL from the District Court of San Juan, Section 1.

No. 608.—Decided October 18, 1910.

ELECTION—LISTS OF VOTERS—REGISTRATION.—The election law provides for the preparation of lists of voters wherein the names of all electors qualified to vote shall appear, and any qualified voter not included therein must assert his rights in strict conformity with the procedure and time prescribed in said law.

ID.—CHALLENGE AND ELIMINATION OF VOTERS—REMEDY.—When a registered voter is challenged, the Executive Council shall make an investigation and may order his elimination whenever in its judgment the facts warrant, and the voter so eliminated has a right to appeal to the competent municipal court which, after the legal proceedings, shall finally decide as to his qualifications.

ID.—In this case the petitioner was challenged as an elector and ordered to be excluded by the Executive Council; from this decision he appealed to the proper municipal court, which at that time was vacant; the person appointed to fill said vacancy took possession of the office on September 14, and considering that there was no time to summon witnesses and hear the case on September 15—the last day fixed by the law for the hearing of these appeals— he refused to take cognizance thereof. *Held:* That the fixing of September 15, under the circumstances of this case, must be considered merely as directory, and the appeal having been taken in due time, the hearing should have been had, and the appeal considered and decided on its merits.

ID.—MANDAMUS.—In the case to which the above paragraph refers, the writ of *mandamus* was the adequate remedy to compel the the municipal court to hear, consider and decide the appeal before it, which had been taken in due time.

ID.—ORDINARY REMEDY.—With reference to the same case, the writ of *mandamus* will not issue to compel the Executive Council or the supervisor of elections to include in the lists the excluded petitioner or voter, for there being an ordinary and adequate remedy, it should have been pursued to the end, removing any obstacle found in the way by exercising the remedies the law provides.

Id.—Only in case the municipal court had recognized the right of the voter under the proper procedure, and had rendered judgment in his favor, and required the Executive Council and the supervisor of elections to comply therewith, and they had refused to do so, would the writ of *mandamus* have issued to compel them to comply with the duty imposed by the law.

The facts are stated in the opinion.

*Mr. José de Jesús Tizol* for appellant.

The respondent did not appear.

Mr. Justice del Toro delivered the opinion of the court.

This is an appeal from a decision of the District Court of San Juan, Section 1, denying an application for the writ of *mandamus*.

Marcelino Rivas, the petitioner and appellant, alleged in his application that he was of age, a citizen of Porto Rico, and resident of Vieques, and legally qualified to register and vote in the coming elections; that he appeared on the election lists and was excluded therefrom, upon a challenge, by order of the Executive Council, from which he took an appeal in due time to the municipal court of Vieques, but that the municipal court refused to hear the appeal and made the following order:

"That on the 14th of the present month, at about 8 o'clock in the night, when I arrived and took possession of the office of the judge of this municipal court, to which I was appointed, and became acquainted with the appeals taken from the decisions of the Executive Council after August 31, in accordance with the provisions of section 31 of the Election Law now in force;

"For which reason taking the 15th only, in that time it was impossible to set down the cases for hearing and to summon the necessary witnesses, the majority of whom resided outside of Vieques, according to the statement of the interested parties.

"And as section 31 of the Election Law provides, that appeals shall not be heard after September 15, and being of the opinion that said section of the law is mandatory, it is held that the appeals presented cannot be heard."

And he furthermore alleged that there being no appeal from the decision of the municipal court, and no other ade-

quate and effectual remedy in the ordinary course of the law, he resorted to the extraordinary remedy of *mandamus* against the Executive Council and the supervisor of elections so that the court might order the opening of the election lists and the inclusion therein of petitioner's name in order that he might vote at the coming general elections in Porto Rico.

Election questions are governed in this Island by the Act of March 8, 1906, and sections 31 and 32 of said law as amended by the Act of March 12, 1908, are strictly applicable to this case. The intention of the Legislature was to guarantee the right of suffrage to all citizens alike, and for that purpose provided for the preparation of lists wherein the names of all electors qualified to vote in Porto Rico should clearly appear. The law provides for the time and procedure to be followed in the preparation, correction and finishing of such lists, and if the time expires and the procedure is not followed, then the opportunity and the right are lost.

When an elector appearing in the provisional lists is challenged, the Executive Council will make an investigation and may order the elimination thereof whenever in its judgment the facts warrant, and the elector so eliminated has a right to appeal to the competent municipal court, which must finally decide the appeal and has the power to summon and hear witnesses and examine such evidence as in its judgment may be necessary to reach a decision.

The petitioner and appellant proceeded in the manner indicated and took his appeal in time, but the municipal judge of Vieques refused to hear the appeal, basing his action on the provisions of section 31 of the Election Law, which reads as follows:

"The date for hearing the appeals from such decisions of the Executive Council shall not be later than September 15, and the judges shall render their decisions not later than October 1. In the hearing of such appeals the court should have authority to summon

and hear such witnesses, and to call for and examine such evidence as in their opinion is necessary to enable them to arrive at a decision, and their decisions when rendered shall be final."

The construction placed by the municipal court upon the section of law above-quoted cannot be accepted. The fixing of September 15, under the circumstances of this case, must be considered merely as directory, and the appeal having been taken in due time the hearing should have been had, considered and decided on its merits.

If the petitioner had sought the writ of *mandamus* in time to compel the municipal court to hear, consider and decide his case, the writ would undoubtedly have issued without difficulty, because it was sought to guarantee the exercise of a right conferred by law upon a citizen, and compel compliance with a duty imposed by law upon an officer.

But he did not do so. He sought to obtain his remedy against the Executive Council and the supervisor of elections, against whom the writ of *mandamus* will not issue, as held by the District Court of San Juan.

"*Mandamus* is an action or judicial proceeding of a civil nature, extraordinary in the sense that it can be maintained only when there is no other adequate remedy, prerogative in its character to the extent that the issue of both the alternative and the peremptory or final command is discretionary to enforce only clear legal rights, and to compel courts to take jurisdiction or proceed in the exercise of their jurisdiction, or to compel corporations, public and private, and public boards, commissions, or officers, to exercise their jurisdiction or discretion, and to perform ministerial duties, which duties result from the office, trust, or station, and are clearly and peremptorily enjoined by law as absolute and official." (26 Cyc., 139, and cases cited.)

The Election Law provided the petitioner with a remedy and he should have followed the procedure therein indicated to the end, removing any obstacles found in the way by exercising the remedies with which the law provided him.

And only in case the municipal judge of Vieques had recognized the right of petitioner and had rendered judgment in his favor and required the Executive Council and the supervisor of elections to comply therewith and they had refused to do so, would the writ of *mandamus* have issued to compel them to comply with the duty imposed by law.

The appeal must be dismissed and the judgment appealed from must be affirmed.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.